## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **ANTONIO PEREZ-HERRERA**, *individually and on behalf of all others similarly situated*, | § § § § |
| *Plaintiff*, | § § |
| v. | §  CIVIL ACTION No. **4:22-CV-00422** |
| **SG STONE & MASONRY, INC.** d/b/a **JA BRICK STONE MASONRY**, | § § § § § |
| *Defendant*. | |

## COMPLAINT

Plaintiff Antonio Perez-Herrera, individually and on behalf of all other similarly situated employees, brings this Complaint against SG Stone & Masonry, Inc. d/b/a JA Brick Stone Masonry for recovery of unpaid overtime compensation. In support hereof, Plaintiffs state as follows:

### I.   PARTIES

1.   Plaintiff Antonio Perez-Herrera is a citizen and resident of the State of Texas who was formerly employed by Defendant.

2.   Defendant SG Stone & Masonry, Inc. d/b/a JA Brick Stone Masonry is a corporation organized under the laws of the State of Texas and doing business in the Houston Metropolitan area.

### II.   JURISDICTION & VENUE

3.   The Court has subject matter jurisdiction over this dispute because this action arises under federal law, namely, the Fair Labor Standards Act, 29 U.S.C. § 216(b).

4.   Venue is proper in this District because the acts or omissions giving rise to this dispute occurred within the geographic boundaries of the Court.

### III.   FACTS

**A.   Plaintiffs**

5. Plaintiff Antonio Perez-Herrera was employed by Defendant as one of several stone masons and laborers over the last two years. He was paid by the hour.

6. Mr. Perez, like other laborers employed by Defendant, regularly worked in excess of 40 hours per week during his entire tenure with the company but, despite not being exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 216 *et seq.* ("FLSA"), he was not paid the required overtime premium for his hours worked in excess of 40 each work week.

**B.   Collective Action Members**

7. The putative Collective Action members are all current or former employees of Defendant within the three years preceding this Complaint who are/were working as a stone mason and laborers and who worked in excess of 40 hours per work week but were not paid the required overtime premium for such work hours.

8. Plaintiff and the putative Collective Action members are similarly situated under Section 216(b) of the FLSA.

**C.   Defendant**

9. During all relevant time periods, Defendant has been an enterprise engaged in interstate commerce that employed and continues to employ two or more employees who were engaged in interstate commerce including by manufacturing goods for use in interstate commerce.

10. During all relevant time periods, Defendant had an annual gross revenue in excess of $500,000.

### IV.   CAUSE OF ACTION

11. Plaintiff adopts and incorporates by reference the foregoing paragraphs as if fully

restated herein.

12. During the three-year time period preceding this Complaint, Plaintiff was employed in a non-exempt position with Defendant.

13. Defendant is a covered employer under the FLSA.

14. During his employment, Plaintiff worked in excess of 40 hours per work week.

15. However, despite being entitled to overtime compensation under the FLSA, Defendant paid Plaintiff the same "straight-time" rate for all hours worked by Plaintiff rather than the "time-and-a-half" overtime premium required by the FLSA.

16. It was and is Defendant's policy, pattern, and/or practice not to pay its non-exempt employees overtime compensation for the hours they worked in excess of 40 each work week. This includes Defendant's other stone masons and laborers, all of whom are similarly situated to Plaintiff and to each other.

17. Defendant failed to maintain and preserve payroll records which accurately reflect the total hours worked by Plaintiff and the Collective Action Members.

18. Defendant has intentionally, willfully, and repeatedly failed and refused to properly compensate its non-exempt employees, including Plaintiff and the Collective Action Members entitling them to recovery for the three-year period preceding the date of this Complaint.

19. Accordingly, Plaintiff and the Collective Action Member have suffered damages in an amount to be proven at trial.

## V.     DEMAND FOR JURY

20. Plaintiff demands a trial by jury of all matters triable thereto.

## IV.     PRAYER

21. Plaintiff, individually and on behalf of all similarly-situated individuals, requests

that the Court issue summons for Defendant to appear and answer, conditionally certify and permit the issuance of notice to all members of the Collective Action, and issue judgment in favor of Plaintiff and the Collective Action Members awarding them:

(a) Unpaid wages as provided by the FLSA;

(b) Liquidated damages as provided by the FLSA:

(c) Attorneys' fees;

(d) Costs;

(e) Post-judgment interest; and

(f) All other relief to which Plaintiff and the Collective Action Members show themselves justly entitled.

Respectfully submitted,

**LANG & ASSOCIATES, PLLC**

*/s/ Shannon A. Lang*
Shannon A. Lang
Texas Bar No. 24070103
Fed. ID No. 1103165
shannon.lang@shannonlanglaw.com
Jessica Hughes
Texas Bar No. 24076451
Fed ID No. 3315050
jessica.hughes@shannonlanglaw.com
1903 Vermont Street
Houston, Texas 77019
(832) 479-9400 tel.
(832) 479-9421 fax

***Attorneys for Plaintiff Antonio Perez-Herrera***